## The People of the State of Illinois, Defendant in Error, v. William Ripstein, Plaintiff in Error.

### Gen. No. 17,204.

1. .CRIMINAL LAW—*shooting, with intent to do bodily injury.* To convict of the crime of shooting with intent to do bodily injury, without considerable provocation and with an abandoned and malignant heart, it must be proved beyond a reasonable doubt, that the defendant either had a wicked or malignant heart, or that no considerable provocation existed.

2. CRIMINAL LAW—*shooting with intent to do bodily injury.* A conviction for shooting without considerable provocation or under circumstances showing a malignant heart is not sustained where defendant shot after a quarrel during which the prosecuting witness threw beer glasses at him, and while such witness testified

that he started to walk out after throwing the glasses, the defendant and other witnesses testified that the prosecuting witness started behind the bar after the defendant who then shot, and the testimony of the physician as to the course of the bullet tends to support the defendant.

Error to the Municipal Court of Chicago; the Hon. FREEMAN K. BLAKE, Judge, presiding. Heard in this court at the March term, 1911. Reversed and remanded. Opinion filed October 7, 1912.

ROBERT J. NORDHOLD and EDMUND K. JARECKI, for plaintiff in error; SYMMES & KIRKLAND, of counsel.

J. E. W. WAYMAN, for defendant in error; ZACH HOFHEIMER, of counsel.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The plaintiff in error, hereinafter called the defendant, was found guilty on a trial by the court, without a jury, of an assault with a deadly weapon with intent to do bodily injury where no considerable provocation appeared and under circumstances showing an abandoned and malignant heart, and sentenced to the House of Correction and to pay a fine.

The undisputed evidence was that the defendant conducted a saloon on the corner of Ashland avenue and Otto street, Chicago; that the complaining witness, Meyer, entered the saloon about 7:30 in the evening in question and remained there drinking, playing cards and shaking dice until about midnight, when he became involved in a dispute with the defendant; that Meyer was drunk and threw two beer glasses at the defendant, who was behind the bar, and was thereupon shot in the left shoulder by the defendant with a re-. volver.

Meyer testified in substance that the defendant and he were throwing dice at the bar and had a dispute over a six or four, when the defendant called him a vile name and because of that he threw two glasses

at him and then picked up his coat and started out, when the defendant shot him.

The defendant and a witness in his behalf testified in substance that Meyer was having trouble with an old man and was ordered out by the defendant; that Meyer took off his hat and coat, called the defendant a dirty name and threw two beer glasses at him, which he dodged, and while Meyer was partly on the bar and as he threw a third beer glass at him, the defendant fired, as he claimed, in self defense; that Meyer then left and the defendant was arrested. There were other persons in the saloon, and although the police appeared immediately, it is not shown by the State or the defendant who the persons were or any explanation given for not having them present at the trial. The doctor testified that the bullet struck Meyer in the left shoulder and ranged downward and lodged between the fifth and sixth ribs near the spinal column. The course of the bullet is a very strong circumstance tending to discredit Meyer's statement and tends to corroborate the testimony of the defendant and the witness in his behalf.

To convict of the crime charged it is necessary to prove beyond a reasonable doubt that the defendant either had a wicked or malignant heart or that no considerable provocation existed for the shooting. We are of the opinion that the evidence as disclosed by the record on these two propositions is not sufficient to sustain the judgment.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*